IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RAYMOND SETZKE                                                     PLAINTIFF

v.                      Civil No. 07-5176

STEVE WHITMILL, Former Sheriff
Washington County, Arkansas;
OFFICER GRAMMAR, Fayetteville
Police Department; DEPUTY COKER,
Washington County Sheriff's Department;
OFFICER BILLY DUNN, Johnson Police
Department; SCOTT YOUNG, Washington
County Sheriff's Department; FRANK
JOHNSON, Fayetteville Police Department;
OFFICER SKELTON, Washington County
Sheriff's Department; VERNON SIZEMORE,
Police Chief of Johnson, Arkansas                          DEFENDANTS

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Raymond Setzke, currently an inmate at the Arkansas Department of Correction, East Arkansas Regional Unit, Brickeys, Arkansas, brings this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

The case is before the undersigned for report and recommendation on the following motions: (1) the motion to dismiss or alternative motion to stay filed by Steve Whitmill, Deputy Coker, Scott Young and Officer Skelton (Doc. 10) (the Washington County defendants); (2) the motion to dismiss of alternative motion to stay filed by Officer Grammar and Frank Johnson of the Fayetteville Police Department (Doc. 21)(the Fayetteville defendants); and the motion to dismiss or alternative motion to stay filed by Billy Dunn and Vernon Sizemore (Doc. 27)(the Johnson defendants).

**Background**

Setzke filed the complaint in this lawsuit on October 10, 2007. He indicated the complaint was a re-filing of Civil No. 04–5046.

Civil number 04-5046 was a civil rights action filed pursuant to 42 U.S.C. § 1983. The case was filed on February 27, 2004. The case stemmed from Setzke's arrest on the night of September 26, 2003.

The case was scheduled for a jury trial before United States District Judge Jimm Larry Hendren. On September 22, 2005, Setzke failed to appear for a deposition. On October 25, 2005, Judge Hendren entered an order directing Setzke to appear for a deposition on November 16 or 18, 2005 (Doc. 105 in Civil No. 04-5046). Setzke was advised that failure to appear for the deposition could result in the dismissal of the action.

Setzke failed to appear for the deposition and defendants moved to dismiss. The case was dismissed without prejudice by order entered on November 30, 2005 (Doc. 113 in Civil No. 04-5046).

Setzke filed a notice of appeal on December 19, 2005 (Doc. 117 in Civil No. 04-5046). The Court of Appeals for the Eighth Circuit affirmed the dismissal. *Setzke v. Whitmill, et al.,* No. 06-1812 (8th Cir. July 20, 2007). The mandate was issued on September 14, 2007. (Doc. 127 in Civil No. 04-5046).

**Discussion**

Defendants maintain the current lawsuit is subject to dismissal because it is barred by the three year statute of limitations applicable to cases brought under 42 U.S.C. § 1983. Alternatively, defendants argue the case should be stayed until Setzke has complied with Judge Hendren's order entered in Case No. 04-5046 which ordered Setzke to pay the Washington

AO72A
(Rev. 8/82)

County defendants attorneys' fees in the amount of $2,049.15 (Doc. 119 in Case No. 04-5046), the Fayetteville defendants attorneys' fees in the amount of $616.39 (Doc. 119 in Case No. 04-5046), and the Johnson defendants attorneys' fees in the amount of $1,968.75 (Doc. 119 in Case No. 04-5046) .

### *Statute of Limitation*

As noted above, the claims asserted by Setzke arise out of his arrest on the night of September 26, 2003. Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)(§ 1981 case). *See also Wilson v. Garcia*, 471 U.S. 261, 268 (1985)(§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996)(§ 1985 case). In Arkansas, this is the three year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3) (2005). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases).

The complaint in this case was filed more than three years after the events at issue in the complaint. At first glance, it appears any claims that occurred in 2003 would be barred by the statute of limitations.

However, before reaching that conclusion we examine Arkansas' savings statute, Ark. Code Ann. § 16-56-126(a)(1). The savings statute provides that "[i]f any action is commenced within the time . . . prescribed . . . and the plaintiff therein suffers a nonsuit, or after a verdict for him . . . the judgment is arrested, or after judgment for him . . . the judgment is reversed on appeal or writ of error, the plaintiff may commence a new action within (1) one year after the

AO72A
(Rev. 8/82)

nonsuit suffered or judgment arrested or reversed." This statute applies to § 1983 actions. *Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001).

In this case, Setzke's original case, 04-5046 was dismissed without prejudice on November 30, 2005. *See Stracener v. Williams*, 84 Ark. App. 208, 212, 137 S. W. 3d 428 (2003)(when a defendants' motion to dismiss is granted it is treated the same as a nonsuit under the savings statute). Setzke appealed the dismissal to the Court of Appeals for the Eighth Circuit. Under *West v. G.D. Searle & Co.*, 317 Ark. 525, 526, 879 S.W.2d 412 (1994), an involuntary dismissal was not considered final until the mandate was issued by the appellate court. Applying this reasoning, under the savings statute, Setzke had one year from September 14, 2007, the day the mandate was issued by the Eighth Circuit, to commence the "new action."

Setzke commenced this case within one year of the Eighth Circuit's mandate being issued. Thus, the case is not barred by the statute of limitation.

### *Stay*

The court may in the exercise of its discretion stay a case pending the payment of costs incurred in prior actions involving the same parties and the same or similar subject matter. Federal Rule of Civil Procedure 41(d) cited by the defendants by its terms applies only to voluntary dismissals by the plaintiffs. However, it has been said that "[t]he fact that Rule 41(d) deals only with the situation where plaintiff's prior dismissal was voluntary does not preclude the court, in the exercise of a sound discretion, from staying plaintiff's action pending payment of costs in a prior action where the dismissal was involuntary." *World Athletic Sports Corp. v. Pahlavi*, 267 F. Supp. 160, 163 (D.C.N.Y. 1966)(internal quotation marks and citations omitted).

In this case, Setzke failed to appear twice for scheduled depositions despite a court order directing him to appear and a warning that his case would be dismissed if he failed to do so. The

court found that Setzke's conduct warranted dismissal of the case and imposition of costs. To allow Setzke to avoid the payment of the costs by the simple expedient of re-filing the case under a different case number would result in the orders of this court having no effect.

### Conclusion

For the reasons stated, I recommend that the motions to dismiss be denied (Doc. 10, Doc. 21, Doc. 27) and that the alternative motions to stay (Doc. 10, Doc. 21, Doc. 27) be granted. I recommend that this case be stayed and administratively terminated until Setzke has paid attorneys' fees to the Washington County defendants as ordered in Doc. 119 in Case Number 04-5046 in the amount of $2,049.15, to the Fayetteville defendants in the amount of $616.39, and to the Johnson defendants in the amount of $1,968.75. Upon full payment of the attorneys' fees, Setzke may file a motion to re-open this case.

**The parties have ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of April 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)