IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RAYMOND SETZKE                                                                    PLAINTIFF

            v.                              Civil No. 07-5176

STEVE WHITMILL, Former Sheriff
Washington County, Arkansas;
OFFICER GRAMMAR, Fayetteville
Police Department; DEPUTY COKER,
Washington County Sheriff's Department;
OFFICER BILLY DUNN, Johnson Police
Department; SCOTT YOUNG, Washington
County Sheriff's Department; FRANK
JOHNSON, Fayetteville Police Department;
OFFICER SKELTON, Washington County
Sheriff's Department; VERNON SIZEMORE,
Police Chief of Johnson, Arkansas                                                 DEFENDANTS

**<u>ORDER</u>**

        Currently before the undersigned for decision are the following motions:  (1) a motion

for relief filed by the plaintiff (Doc. 7); (2) a motion for documents filed by the plaintiff (Doc.

8); (3) a motion to amend or correct the complaint filed by the plaintiff (Doc. 9); (4) a motion

for default judgment filed by the plaintiff (Doc. 17); (5) a motion for an order to show cause filed

by the plaintiff (Doc. 18); (6) a motion for an order setting a trial date filed by the plaintiff (Doc.

29); (7) a motion for the production of documents filed by the plaintiff (Doc. 33); (8) a motion

for relief filed by the plaintiff (Doc. 34); (9) a motion to strike or stay discovery filed by Jeremy

Grammar and Frank Johnson (Doc. 42); (10) a motion to compel service on Steve Whitmill filed

by the plaintiff (Doc. 43); and (11) a motion to compel the production of documents filed by the

plaintiff (Doc. 45).  I will address each motion in turn.

-1-

AO72A
(Rev. 8/82)

*Motion for Relief (Doc. 7)*

At the time he filed this motion to compel, plaintiff, Raymond Setzke, was incarcerated at the Benton County Detention Center (BCDC).  He is now an inmate at the Arkansas Department of Correction, East Arkansas Regional Unit.  In this motion (entitled a motion to compel), Setzke contends the BCDC is not the proper place for him.  He maintains he is not being provided proper legal supplies, is not being treated properly, and he asks that the court order that he be transported to the Arkansas Department of Correction.  This motion (Doc. 7) is denied as moot.

*Motion for Documents (Doc. 8)*

In this motion, plaintiff seeks copies of all complaints and amended complaints adding defendants from Civil Case No. 04-5046.  As he is incarcerated, he states he does not have access to his file.  He does not indicate why he cannot have someone send him documents from his file.  The motion (Doc. 8) is denied.  By separate report and recommendation I am recommending that this case be stayed and administratively terminated until the plaintiff has complied with an order entered by United States District Judge Jimm Larry Hendren ordering him to pay attorneys' fees to the defendants.

*Motion to Amend the Complaint (Doc. 9)*

In this motion, plaintiff asks that his complaint be amended.  Specifically, he wishes to amend his prayer for relief to request $750,000 in compensatory and punitive damages.  Further, he asks that if he prevail that defendants be removed from their jobs and be unable to be employed by federal, state, county, or local governmental entities and that they lose their pensions.  Finally, plaintiff asks that his prayer for relief be amended to include a prayer that the

-2-

governmental entities be monitored or placed on probation indefinitely or until this court is satisfied with their performance in the community.

The motion to amend the complaint (Doc. 9) is granted.  The prayer for relief will be considered to be amended.  **The clerk is directed to file the motion to amend as a supplemental or amended complaint.  The clerk is also directed to note on the docket sheet that the plaintiff has made a demand for a jury trial.**

### *Motion for Default Judgment (Doc. 17)*

Plaintiff has moved for default judgment against the defendants.  He maintains it has been fifty-five days since service on them was ordered and they have failed to respond to the complaint.

The order directing service on the defendants was entered on November 8, 2007 (Doc. 5).  Deputy Coker and Scott Young were served on December 17, 2007 (Doc. 12 and Doc. 14). The United States Marshal Service was unable to complete service of process on Steve Whitmill in the State of Arkansas because it was learned he was no longer living in this state. Nevertheless, a motion to dismiss was filed on behalf of Steve Whitmill, Deputy Coker, Scott Young, and Officer Skelton (Doc. 10) on January 4, 2008.  The answer was due by January 7, 2008, so the Washington County defendants timely filed their motion to dismiss.

Billy Dunn and Vernon Sizemore were not served until January 2, 2008 (Doc. 23 & Doc. 24).  Their answers were due on January 22, 2008.  Their motion to dismiss was filed on January 24, 2008 (Doc. 27).  The motion to dismiss was filed two days late.  The court declines to strike the answer and enter default judgment based on the motion being filed two days late.

Jeremy Grammar was served on December 17, 2007 (Doc. 13).  His answer was due on January 7, 2008.  Grammar no longer worked for the Fayetteville Police Department and failed

AO72A
(Rev. 8/82)

to advice the Department that he had been served (Doc. 31). Frank Johnson was served on January 8, 2008 (Doc. 26) . His answer was due on January 28, 2008. A motion to dismiss was filed on behalf of Jeremy Grammar and Frank Johnson on January 18, 2007 (Doc. 21). The court declines to hold Jeremy Grammar in default. The motion for default judgment (Doc. 17) is denied.

### *Motion for Order to Show Cause (Doc. 18)*

In the motion to show cause, the plaintiff asks the court to direct the defendants to show cause for their failure to answer. The motion to show cause (Doc. 18) is denied. As noted above in connection with the motion for default judgment, all defendants have filed motions to dismiss.

### *Motion for Order Setting Trial Date (Doc. 29)*

In this motion, the plaintiff asks the court to bring the case to trial. If defendants need a deposition, plaintiff states a date for that should also be set. The motion for an order scheduling a trial date and a date for his deposition (Doc. 29) is denied.

### *Motion for the Production of Documents (Doc. 33)*

In this motion, plaintiff states his file in this case is in Illinois. He indicates he was extradited without his file. He seeks copies of the following documents from Civil Case No. 04-5046: Doc. 54, 55, 56. He also asks if he will be able to obtain copies of other documents from this file if he should need them at a later date. He does not indicate why he cannot have someone send him documents from his file.

The motion (Doc. 33) is denied. By separate report and recommendation I am recommending that this case be stayed and administratively terminated until the plaintiff has complied with an order entered by United States District Judge Jimm Larry Hendren ordering him to pay attorneys' fees to the defendants.

-4-

*Motion for Relief (Doc. 34)*

In this motion, actually entitled a motion to compel, plaintiff asks the court to order the Arkansas Department of Correction (ADC), to provide him with adequate time to work in the law library, legal supplies and "information in books." He also asks the court to order the ADC to discontinue the inmate library worker who has a "bad attitude" and thinks "he knows it all."

The motion (Doc. 34) is denied. Absent extraordinary circumstances, this court will not interfere with the workings of the ADC. Plaintiff has access to the law library although apparently not for the length of time he would like. Plaintiff has also been able to communicate with the court as is exhibited by the motions he has filed in this case and in his other cases pending in this court. Plaintiff has access to writing materials, envelopes, and postage.

*Motion to Strike or Stay Discovery (Doc. 42)*

Defendants Jeremy Grammar and Frank Johnson have filed a motion to strike plaintiff's requests for the production of documents to Fayetteville's K-9 unit or stay discovery pending the court's ruling on the motions to dismiss. The motion to strike is denied (Doc. 42). However, the alternative motion to stay discovery (Doc. 42) is granted.

*Motion to Compel Service on Sheriff Whitmill (Doc. 43)*

In this motion, plaintiff asks the court to compel service on Former Sheriff Steve Whitmill. He objects to the fact that defense counsel has provided the last known address of Steve Whitmill as a post office box in Fuquay-Varina, North Carolina. He maintains defense counsel should be required to provide the court with a physical address and the United States Marshal ordered to serve Steve Whitmill.

As noted above, although no proof of service has been filed with respect to Steve Whitmill, a motion to dismiss of alternative motion to stay has been filed on his behalf. Thus,

-5-

at this stage, the motion to compel service on Steve Whitmill (Doc. 43) is denied.  By separate report and recommendation, I am recommending that the motion to stay be granted.

### *Motion to Compel the Production of Documents (Doc. 45)*

In this motion, the plaintiff asks the court to compel the production of a variety of documents from the defendants.  He indicates these documents were produced in Civil No. 04-5046 but because he was extradited back to Arkansas without his file he does not now have access to the documents.

The motion to compel the production of documents (Doc. 45) is denied.  As noted above, I am recommending by separate report and recommendation that this case be stayed and administratively terminated until plaintiff complies with an order directing his to pay attorneys' fees to the defendants entered by United States District Judge Jimm Larry Hendren in Civil No. 04-5046.  Given this recommendation, discovery should not move forward in this case until plaintiff has complied with that order and has filed a motion to re-open this case.

DATED this 21st day of April 2008.


/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)